MALCUIT, Appellee,

v.

EQUITY OIL & GAS FUNDS, INC., Appellant.

[Cite as *Malcuit v. Equity Oil & Gas Funds, Inc.* (1992), 81 Ohio App.3d 236.]

Court of Appeals of Ohio,
Wayne County.

No. 2666.

Decided Jan. 8, 1992.

238

*Charles A. Kennedy,* for appellee.
*J. Michael Gatien,* for appellant.

---

CACIOPPO, Judge.

Honest Malcuit, plaintiff-appellee, granted Buckhorn Oil Company ("Buckhorn"), predecessor in interest of Equity Oil & Gas Funds, Inc. ("Equity"), defendant-appellant, an easement across his farm for a pipeline right-of-way. The easement was properly recorded. In consideration for this easement, Buckhorn agreed to provide free gas to Malcuit's farm. Equity obtained Buckhorn's interest in the pipeline agreement at a foreclosure sale. The agreement is silent as to its duration.

Malcuit filed a declaratory judgment action and requested injunctive relief to stop Equity from removing the pipeline. The trial court held that Equity could not remove the pipeline under these circumstances and that Equity must continue to provide free gas to Malcuit. Equity appeals, raising five assignments of error.

Before addressing the assignments of error, we must note that no transcript of proceedings was filed with this court. A review of the record reveals that appellant Equity failed to file a praecipe with the court reporter or file a copy of the transcript with the clerk of courts. App.R. 9(B) places this duty on the appellant.

### Assignment of Error I

"The trial court should have applied the law of negotiation of written contracts. As a matter of law, there should be no significance between printed and typed contractual provisions when the same are negotiated. The plaintiff-appellee specifically agreed that the grantor's rights could not interfere or be inconsistent with the grantee's rights. This plain and unambiguous

language controls the parties' obligations. Therefore, the trial court's decision giving preference to typed over printed provisions in the written agreement should be reversed."

Equity argues that the court erred by giving preference to typed provisions over printed provisions. We do not agree. The typed provision in question states in part:

"2. Buckhorn Oil will put in a gas tap (for free gas for Malcuit Farm, no cubic feet limit). Gas will not be shut off if wells are shut down."

This provision was typed at the end of a form contract. The printed provision provides that Malcuit grants " * * * the right of way to lay, maintain, operate, inspect, replace, and remove a pipe line for the transportation of natural gas and other gaseous products * * *."[1]

It is well settled in Ohio that the typed portion of a contract will prevail over the printed portion, if the two are inconsistent. *O'Neill v. German* (1951), 154 Ohio St. 565, 44 O.O. 11, 97 N.E.2d 8, paragraph two of the syllabus; *Loblaw, Inc. v. Warren Plaza, Inc.* (1955), 163 Ohio St. 581, 57 O.O. 10, 127 N.E.2d 754, paragraph one of the syllabus; *Johnson–Romito Funeral Homes v. Forrer* (Jan. 4, 1989), Summit App. No. 13753, unreported, 1989 WL 733. In the case at bar, the two provisions are inconsistent because the typewritten provision indicates a long-term existence while the printed provision suggests the possibility of a short-term duration. Given this inconsistency, the trial court did not err by giving preference to the typewritten provision.

The first assignment of error is overruled.

### Assignment of Error II

"The typewritten phrases should have been strictly construed against the plaintiff-appellee. The trial court was in error by not construing the typewritten phrases against the plaintiff-appellee. After doing so, the printed and typewritten terms of the contract are reconcilable. The trial court was in error by finding these phrases to be irreconcilable."

Equity asserts in its second assignment of error that the trial court erred by not construing the typed provision against Malcuit. We do not agree.

This court addressed a similar question in *Raphael v. Flage* (Sept. 20, 1989), Lorain App. No. 89CA004539, unreported, 1989 WL 109122. In *Raphael*, this court identified primary and secondary rules of contract construction.

---

1. The words "change the size of, relocate" have been crossed out following the word "replace" in this provision.

Primary rules are always applicable, while secondary rules are applicable only after primary rules have been applied and the contract's meaning remains uncertain or ambiguous. *Id.*, citing 4 Williston on Contracts (3 Ed.1961) 699–702, Section 617.

The primary rule of construction applied in *Raphael* was consideration of circumstances under which the writing was made. Where application of this rule makes the meaning of the language clear, the secondary rule of construction of strict construction against the drafter is not applicable. *Id.*, citing Williston, *supra*, at 760, Section 621. Many other decisions have reached the same result. See, *e.g., Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146; *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920; *Benes v. Hickox Bldg. Co.* (App.1952), 64 Ohio Law Abs. 449, 112 N.E.2d 553.

■ In the case at bar, the meaning of the disputed provisions was clear following the application of the primary rule of construction. Therefore, the secondary rule was inapplicable, and the court correctly did not construe the language against Malcuit.

The second assignment of error is overruled.

### Assignment of Error III

"The trial court was in error in ruling that the intentions of the parties did not include a limited duration to the agreement. This is because the right of removal does directly affect the duration of the contract."

Equity argues in its third assignment of error that the parties intended a limited duration by including a removal right in the easement. We do not agree.

■ When the duration of an easement is not expressly stated, as in the case at bar, the duration depends upon a reasonable construction of the language to effect the reasonable intention of the parties deducible from the words employed, as applied to the surrounding circumstances. *Hieatt v. Morris* (1860), 10 Ohio St. 523. The trial court properly considered the words used in the easement and the surrounding circumstances under which the writing was made. After due consideration, the trial court found that the meaning of the language was clear: the parties intended a long-term duration. The trial court did not err.

The third assignment of error is overruled.

## Assignments of Error IV and V

"IV. The trial court was in error in ruling that the parties' contractual agreement implied an unlimited duration. As a matter of law, abandonment of a contract is sufficient to conclude its duration. Equity's unconditional, intentional and voluntary notice of relinquishment was sufficient to conclude the parties' agreement. In addition, circumstances surrounding the creation of the agreement show that abandonment and the right of removal were essentially the same.

"V. The trial court's decision was in error by the manifest weight of evidence. The negotiations of the parties as well as the plaintiff's agent's understanding of the agreement demonstrated that the right to remove the pipeline was applicable regardless of any other negotiations or parole [*sic*] evidence."

Assignments of error four and five both require reference to the transcript of proceedings, and therefore will be addressed together.

In its fourth assignment of error, Equity alleges that it proved it abandoned the easement and that Malcuit presented insufficient evidence to prove that the parties intended to delete the removal right from the contract. In its fifth assignment of error, Equity asserts that the trial court's judgment was against the manifest weight of the evidence. As already indicated, no transcript of proceedings was filed with this court.

Without an adequate record, this court is unable to determine whether Equity proved abandonment, whether Malcuit presented insufficient evidence in support of his claim, or whether the trial court's judgment was against the manifest weight of the evidence. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237; *Frishe v. Rios* (Dec. 26, 1990), Summit App. No. 14708, unreported, 1990 WL 235951. Without an adequate record, we cannot review what evidence was admitted by the court, whether the court erred in admitting or rejecting any evidence, whether sufficient evidence was presented, or whether the court's judgment was against the manifest weight of the evidence. *Id.*

Accordingly, the fourth and fifth assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.