DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Everen Securities, Inc. ("Everen") and Scott T. Hilbert, appeal the judgment of the Summit County Court of Common Pleas denying their motion to refer the instant action to arbitration. We affirm.
On November 30, 1992, Michael E. Bell ("Mr. Bell"), appellee, entered into a contract with Kemper Securities (presently Everen) whereby Kemper Securities was to manage Mr. Bell's Individual Retirement Account ("the 1992 contract"). Mr. Hilbert was Mr. Bell's investment broker and managed Mr. Bell's Individual Retirement Account. The contract did not contain a clause requiring disputes to be submitted to binding arbitration.
On August 7, 1996, James D. Bell, Mr. Bell's father, entered into a contract with Everen by which Everen was to manage his investment portfolio ("the 1996 contract"). Mr. Bell also signed the contract as the joint account holder, purportedly so that the account would automatically devolve to Mr. Bell upon his father's demise. The contract required all disputes to be submitted to binding arbitration.
Mr. Bell refiled a complaint against Everen on January 26, 1999, alleging that Mr. Hilbert, an agent of Everen, had engaged in churning transactions while managing Mr. Bell's Individual Retirement Account, resulting in substantial loss of income to Mr. Bell.[1] On March 1, 1999, appellants moved to stay proceedings in the court of common pleas pending arbitration. They asserted that the arbitration clause in the 1996 contract controlled the dispute under the 1992 contract and that arbitration was mandated by the 1996 contract. Mr. Bell opposed the submission of the instant action to arbitration, asserting that the 1992 contract controlled in the instant action and that it did not mandate that the dispute be submitted to arbitration. In a journal entry dated April 14, 1999, the trial court denied appellants' motion to stay the proceedings in the court of common pleas and submit the issues to binding arbitration, concluding that the 1992 contract controlled. This appeal followed.
Appellants assert one assignment of error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION FOR ORDER [sic] STAYING ALL PROCEEDINGS PENDING ARBITRATION BECAUSE THE LITIGANTS ARE PARTIES TO A WRITTEN CLIENT AGREEMENT WHICH REQUIRES THAT ALL DISPUTES BETWEEN THEM BE RESOLVED BY ARBITRATION.
Appellants assert that the trial court erred by failing to apply the arbitration clause of the 1996 contract to a dispute regarding the 1992 contract. Moreover, they assert that the contract that was formed when the 1996 account was opened applies to all disputes between Mr. Bell and Everen. We disagree.
Our review of an order granting or denying a motion to stay proceedings before a trial court pending arbitration is permitted pursuant to R.C. 2711.02:
 An order * * * that grants or denies a stay of a trial of any action pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure[.]
Generally, when a contract requires arbitration of one or more issues, by its terms, there is a presumption in favor of arbitration for any issue raised under the contract. Council ofSmaller Enterprises v. Gates, McDonald Co. (1998), 80 Ohio St.3d 661,666-67. If, however, the party challenging arbitration has not agreed to arbitration by contract, there is a presumption against arbitration. Id. at 667. "Our inquiry is `"strictly confined" * * * to whether the parties agreed to submit disputes * * * to arbitration.'" (First alteration original.) Id. at 668. The parties' intent is key. See Id. at 667. Generally, "contract law, influenced by the presumption [for or against arbitration] detailed above" applies. Id. at 668.
The interpretation of a contract provision that is clear and unambiguous is a question of law. Tanker v. N. Crest EquestrianCtr. (1993), 86 Ohio App.3d 522, 525 citing Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. However, "[i]t is settled law that if the parties' manifestations taken together as making up the contract, when reasonably interpreted in the light of all the circumstances, do not enable the court to determine what the agreement is and to enforce it[,] * * * no enforceable obligation results." Litsinger Sign Co. v. Am. SignCo. (1967), 11 Ohio St.2d 1, 14. Moreover, when interpreting a contract "[i]t is well settled in Ohio that the typed portion of a contract will prevail over the printed portion, if the two are inconsistent." (Citations omitted.) Malcuit v. Equity Oil GasFunds, Inc. (1992), 81 Ohio App.3d 236, 239.
In the instant case, the arbitration clause in the 1996 contract is not applicable to the 1992 contract due to the general rules of contract construction. Although the arbitration clause in the 1996 contract mandates that
 all claims or controversies, whether such claims or controversies arose prior to, on or subsequent to the date hereof, between me [defined as each signatory upon the application] and EVEREN and/or any of its present or former officers, directors, or employees concerning or arising from (i) any account maintained by me with EVEREN individually or jointly with others in any capacity; (ii) any transaction involving EVEREN or any predecessor firms by merger, acquisition or other business combination and me, whether or not such transaction occurred in such account or accounts; or (iii) the construction, performance or breach of this or any other agreement between us or any duty arising from the business of EVEREN or otherwise, shall be submitted to arbitration[.]
Although the general principles of Council of Smaller Enterprises
are applicable here, this case is factually dissimilar as appellants assert that the contract provision from one contract is applicable to an earlier agreement. Hence, we base our decision on the general principles of contract law, as we find them dispositive. The 1996 contract has a space in which the parties are to enter the "Primary Account" and any "Related Household Accounts." The account number of the account which was opened by James D. Bell with his son as joint account holder was written by hand in the "Primary Account" blank but the "Related Household Accounts" blank was left empty. Hence, we conclude that, as the handwritten portions of a contract generally control, the 1992 contract was not intended to be governed by the arbitration clause in the 1996 contract. The account number of the 1992 contract could easily have been entered in the "Related Household Accounts" blank of the 1996 contract. Its absence evidences a lack of intent on the part of the parties to include the 1992 contract under the arbitration and other provisions of the 1996 contract. Appellant's assignment of error is overruled.
Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
SLABY, P.J., CONCURS.
CARR, J., CONCURS IN JUDGMENT ONLY.
[1] The case was originally filed as Case No. 98-06-2407 and was voluntarily dismissed without prejudice on July 24, 1998.