OPINION
Plaintiff-appellant Sat Adlaka (Adlaka) appeals the decision of the Mahoning County Court of Common Pleas ordering defendant-appellee David Padula (Padula) to pay Adlaka $150 (one hundred fifty dollars) in damages for costs associated with the repainting of the rented premises. This court is asked to determine whether the decision of the trial court was against the manifest weight of the evidence. For the following reasons, the decision of the trial court is hereby affirmed.
 FACTS
On July 14, 1991, Adlaka, lessor, entered into a commercial lease agreement for a term of three years with Padula, lessee. Padula rented a space located at 1235 Boardman-Canfield Road, Boardman, Ohio. Padula operated this space as a restaurant known as "Taste Buds."
The 1991 lease set forth two different provisions which are a concern for this court. First, the 1991 lease set forth two different dates regarding its commencement: 1) date of execution, and 2) date of possession of the premises. The lease was executed on July 14, 1991. Possession of the premises began over a month after execution of the lease. Second, the 1991 lease contained a renewal option, the exercise of which required Padula to notify Adlaka in writing "ninety days prior to the expiration of the term." Padula did not send a written notification to Adlaka of his intent to renew the lease.
After the original lease expired, Adlaka approached Padula with a document titled Lease Modification Agreement (Modification). Padula signed the document. The Modification purportedly renewed the lease for three more years to expire in August of 1997.
Both the 1991 lease and the Modification contained handwritten portions. In the original lease the handwritten portions were followed by Padula's and Adlaka's initials. However, the handwritten portions in the Modification were not followed by either Padula's nor Adlaka's initials. Padula alleged that this inconsistency in initialing handwritten provisions was proof that he did not agree to the handwritten provisions in the Modification.
Padula vacated the premises on July 31, 1995. Adlaka filed an action against Padula for lost rent and damages to the premises. The trial court held that Adlaka proved damages to the walls. Therefore, the trial court awarded damages in the sum of $150.00 to be paid to Adlaka. Adlaka timely appealed.
 ASSIGNMENT OF ERROR NO. ONE
Adlaka raises three assignments of error. The first two assignments of error will be addressed together. These assignments contend:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT THE DOCUMENT ENTITLED `LEASE MODIFICATION AGREEMENT' DID NOT CREATE A LEASE FOR A TERM OF THREE YEARS BECAUSE THERE WAS NO `MEETING OF THE MINDS' BETWEEN THE PARTIES, AND THIS FINDING WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING AMBIGUOUS THE PROVISION OF THE LEASE MODIFICATION AGREEMENT WHICH INCORPORATED THE COVENANTS AND CONDITIONS OF THE `EXISTING LEASE'."
Adlaka claims that the decision of the trial court was against the manifest weight of the evidence. Padula argues that Adlaka failed to object to the errors at trial, and therefore, the arguments cannot be raised on appeal. Furthermore, Padula claims that the decision of the trial court was not against the manifest weight of the evidence.
A reviewing court will not disturb the factual findings of a trial court unless those findings are against the manifest weight of the evidence. State ex rel. Shady Acres Nursing Home v. Rhodes (1983),7 Ohio St.3d 7; Home Builders Assn. of Dayton the Miami Valley v.Beavercreek (2000), 89 Ohio St.3d 121, 130. A trial court is in the best position to evaluate the testimony of witnesses and the evidence presented because of its first hand observance of the witnesses and evidence. SeeState v. Hawkins (1993), 66 Ohio St.3d 339, 344; In re Lieberman (1955),163 Ohio St. 35, 38; Beavercreek, 89 Ohio St.3d at 130; Seasons CoalCo., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Therefore, a reviewing court should give every reasonable presumption in favor of the trial court's judgment and findings of fact. Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10. An appellate court should refrain from substituting its own judgment for that of the trial court's. Shemo,88 Ohio St.3d at 10; Seasons Coal, 10 Ohio St.3d at 80; C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279.
The 1991 lease was clearly not renewed according to its terms which set out a specific affirmative manner of renewal. Padula did not give Adlaka any notice of his intent to renew as required by the terms of the 1991 lease. The acceptance of the option to renew must be made in the manner prescribed by the lessor, i.e. Adlaka. George Wiedemann Brewing Co. v.Maxwell (1908), 78 Ohio St. 54, 64-65. "The law in Ohio is clear that if a lease expressly requires notice of the exercise of renewal option such notice must be given in order to renew the lease option." Roth v. MagnumThree, Inc. (June 25, 1986), Medina App. No. 1456, unreported, quotingAhmed v. Scott (1979), 65 Ohio App.2d 271, 276. Padula did not choose to renew the lease by the renewal option in the lease, therefore, the only other way that the lease could have been renewed is if the Modification created a legally enforceable renewal of the terms of the 1991 lease.
The Modification did not create a legally enforceable renewal of the 1991 lease. The trial court stated that the Modification was not legally enforceable because there was no meeting of the minds. The Modification contained blank spaces where the dates of the lease started and ended. These blanks were filled in with handwritten dates, which were allegedly filled in after Padula signed the Modification. At trial evidence was presented that in the 1991 lease all handwritten dates were followed by the initials of Adlaka and Padula. Adlaka now claims that the use of initials in the 1991 lease is improper use of habit evidence to prove that the handwritten portions contained in the Modification were not agreed upon because no initials were present after those handwritten portions. Regardless of whether this evidence was an incorrect form of habit evidence, the fact remains that Adlaka did not object to the introduction of this evidence. Accordingly this issue was not preserved for appellate review.
The trial court also noted that prior to the execution of the Modification but after the 1991 lease expired, an oral month-to-month tenancy was created. In determining that the oral month-to-month tenancy was created the trial court applied the rule of contra proferentum. The rule of contra proferentum provides that ambiguous provisions are construed most strongly against the drafter of the language. 65 Ohio Jurisprudence 3d (1996) 116-117, Landlord Tenant, Section 95; Davidsonv. Bucklew (1992), 90 Ohio App.3d 328.
Evidence was presented that the 1991 lease, prepared by Adlaka, was ambiguous as to the beginning date. The 1991 lease contained language that it began on the date of execution; and also on the date of possession. Since the date of execution and the date of possession occurred on two separate dates, it is obvious that both dates could not apply. Construing the aforementioned ambiguous language strictly against the party drafting the document, i.e. Adlaka, the beginning date of the 1991 lease is the date of execution, July 14, 1991. Therefore, the lease expired three years from that date on July 14, 1994. The Modification purportedly began another three year lease on September 1, 1994. Prior to the Modification but after the expiration of the 1991 lease, Adlaka accepted rent from Padula, thereby acquiescing in an oral month-to-month tenancy.
In Ohio, a tenant who holds over after the expiration of the lease term is a tenant at sufferance. Anderson v. Brewster (1886), 44 Ohio St. 576,580. When a tenant holds over beyond the lease term and pays rent according to the original terms, the law implies a contract on the tenant's part to hold over for an additional term under the same conditions which governed the prior term. Bumiller v. Walker (1917),95 Ohio St. 344, 348-349. Therefore, Adlaka's acceptance of the rent prior to a renewal of the lease and his ongoing and multiple contact with Padula, created a month-to-month tenancy.
The creation of the oral month-to-month tenancy in conjunction with the later execution of the Modification created ambiguity as to the meaning of the Modification. The Modification was executed after the oral month-to-month tenancy was created. The Modification contained a provision that all covenants and conditions of the "existing lease" between both parties shall remain the same. Adlaka argues the Modification provision, referring to the "existing lease" was reasonably susceptible to only one meaning, namely, "existing lease" meant the 1991 lease. Padula argues that the Modification was ambiguous in its reference to the existing lease. Padula claims that "existing lease" should be interpreted to refer to the oral month-to-month tenancy instead of the 1991 lease.
Construing the language in the Modification against Adlaka, the drafter, the term "existing lease" refers to the oral month-to-month tenancy. The oral month-to-month tenancy was the only lease in existence at that time. The 1991 lease had already expired. Therefore, the conditions of the Modification, which purported to create a three year term and the conditions of the month-to-month tenancy, which only created a month term were in contradiction to each other. Therefore, the trial court correctly applied the rule that doubtful language must be strictly construed against the party who prepared it. Fiorentino v. Lightning RodMut. Ins. Co. (1996), 114 Ohio App.3d 188; Malcuit v. Equity Oil GasFunds, Inc. (1992), 81 Ohio App.3d 236. As such, the Modification did not create a legally enforceable renewal of the 1991 lease.
Giving deference to the trial court's findings of fact and conclusions of law, it cannot be stated that its decision was against the manifest weight of the evidence. Competent, credible evidence was presented to support the trial court's conclusion that the Modification was not legally enforceable because there was no meeting of the minds. Also, competent, credible evidence was presented to support the trial court's finding that the 1991 lease was ambiguous as to the beginning and ending dates. Therefore, the lease was construed against Adlaka, the drafter, and the term "existing lease" referred to an oral contract for a month-to-month tenancy. As such, the first and second assignments of error are without merit.
 ASSIGNMENT OF ERROR NO. THREE
Adlaka's third assignment of error contends:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT INSOFAR AS THE COURT'S RULING ON DAMAGES DENIED APPELLANT RECOVERY FOR UNPAID RENT FOR AUGUST OF 1995 THROUGH SEPTEMBER OF 1996."
Adlaka argues this assignment of error under the impression that the Modification was valid, claiming Padula owes rent from the time he vacated the leased premise to the expiration of the Modification's term. For the reasons discussed in the above two assignments of error, this assignment of error is without merit.
For the forgoing reasons, the judgment of the trial court is hereby affirmed.
DeGenaro, J., concurs.
O'Neill, J., concurs.