OPINION
{¶ 1} Defendant-appellant, Sally L. Mills, appeals a decision of the Butler County Court of Common Pleas awarding summary judgment to plaintiff-appellee, Harvest Land Co-op, Inc. (Harvest Land), in an action to quiet title to an easement. We reverse the decision of the trial court.
 {¶ 2} On October 17, 2003, appellant purchased the real property located at 374 South "D" Street in the city of Hamilton. Harvest Land owned real property situated behind a number of plots, including appellant's. Harvest Land's property fronted "C" Street, a road running parallel to "D" street. A significant slope extended from appellant's property to Harvest Land's property. This slope was terraced and contained steps.
 {¶ 3} While preparing to sell its property in 2003, Harvest Land discovered that the property was burdened by an easement found in the record chain of title. This rectangular-shaped easement was located directly behind appellant's property, and was accessible by way of a public alley connecting to "C" street. The 12-foot-wide strip of land comprising the public alley was deeded to the city of Hamilton by Harvest Land's predecessor in interest, the Martin Mason Brewing Company.[1] Following demolition of the brewery building, Harvest Land leveled the area and planted grass over the alleyway.
 {¶ 4} The alleyway and easement in question provided the sole means of vehicular ingress and egress to the rear of appellant's property. An unspecified number of appellant's predecessors in interest utilized the alley to access a detached garage housed at the back of appellant's property. However, these former owners failed to maintain the garage, which lay in ruins when appellant purchased the residence. In an affidavit accompanying her memorandum in opposition to summary judgment, appellant averred that she intended at the time of purchase to fully restore the historical appearance of the property and to rebuild the garage.
 {¶ 5} In an attempt to declare the easement abandoned, Harvest Land brought this quiet title action against appellant and adjoining property owners. Harvest Land moved for summary judgment, which the trial court granted on August 17, 2005. Appellant timely appealed, raising three assignments of error.
 {¶ 6} We review a trial court's decision on a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.
 {¶ 7} First, some background law is in order. An easement is defined as "a right, without profit, created by grant or prescription, which the owner of one estate, called the dominant estate, may exercise in or over the estate of another, called the servient estate, for the benefit of the former." Proffitt v.Plymesser (June 25, 2001), Brown App. No. CA2000-04-008, at 2-3, citing Trattar v. Rausch (1950), 154 Ohio St. 286, paragraph one of the syllabus. The owner of the servient tenement may use his property in any way that is not inconsistent with the limited use allocated to the owner of the dominant tenement. Colburn v.Maynard (1996), 111 Ohio App.3d 246, 253.
 {¶ 8} An easement may be acquired by express grant, by implication, or by prescription. Trattar at 291. Termination of an express easement not limited in duration may be accomplished in a number of ways:
 {¶ 9} "The duration of an easement may be fixed by the terms of the instrument creating it; it may be of a permanent or perpetual duration and continue in operation forever or until terminated by acts of the parties or by operation of the law. It may also be terminated by the completion of the purpose or necessity for which the easement was created, or a change in the character or use of the property." Siferd v. Stambor (1966),5 Ohio App.2d 79, 87. See, also, Grau v. Burlington Group, Inc.
(Jan. 26, 1996), Geauga App. No. 94-G-1870, 1996 WL 200571 at *4.
 {¶ 10} We now turn to a review of appellant's three assignments of error.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT SALLY MILLS BY GRANTING SUMMARY JUDGMENT DECLARING HER EASEMENT ABANDONED BASED ON A BRIEF FROM THE MOVING PARTY WHICH CITED NO LEGAL AUTHORITY AT ALL."
 {¶ 13} Appellant argues that Harvest Land failed to meet its burden as the moving party by omitting citation to legal authority in its motion for summary judgment. Appellant further claims that Harvest Land inappropriately mixed two distinct legal theories when it advocated for termination of the easement based upon abandonment and adverse possession.
 {¶ 14} We first note that Harvest Land presented detailed facts, accompanied by two sworn affidavits, in support of its motion for summary judgment. Harvest Land correctly observes that Civ.R. 56 does not mandate the use of legal citations, although such a practice can be helpful. Nonetheless, Harvest Land did not fail to meet its burden on summary judgment simply by neglecting to invoke legal authority to bolster its arguments.
 {¶ 15} A survey of Ohio case law reveals that courts have taken varying approaches to the termination of easements. One approach, abandonment, requires that the owner of the servient estate prove both nonuse and an affirmative intent to abandon the easement on the part of the owner of the dominant estate. See, e.g., Snyder v. Monroe Twp. Trustees (1996),110 Ohio App.3d 443, 457; Warner v. Thompson (Sept. 27, 1993), Fayette App. No. CA93-02-002, at 4, citing Wheaton v. Fernenbaugh (1917),8 Ohio App. 182, 183.
 {¶ 16} Other courts, however, have invoked the rule that an easement may be extinguished by adverse possession. See, e.g.,Herrell v. Runyon (Dec. 27, 1999), Lawrence App. No. 99CA6, 1999 WL 1285859 at *2; Szaraz v. Consol. R.R. Corp. (1983),10 Ohio App.3d 89, 91. This occurs where a servient estate holder adversely possesses an express easement by openly, exclusively, notoriously and continuously using the easement in a manner inconsistent with its use by the dominant estate holder for a period of at least 21 years. See Runyon at *2, citingPittsburg, Ft. Wayne Chicago Ry. Co. v. Canton (1895), 10 Ohio C.C. 414, 418.
 {¶ 17} Appellant complains that Harvest Land failed to identify whether its quiet title action proceeded upon a theory of abandonment or a theory of adverse possession. Appellant argues that Harvest Land improperly mixed elements of both theories. We note that the trial court's analysis in its decision granting summary judgment addressed the two elements of abandonment and was silent as to adverse possession. In fact, the court expressly refused to address the issue of adverse possession in view of its conclusion that the easement was abandoned. Thus, although Harvest Land's motion referred to nonuse for a period of 21 years, the trial court did not err in granting the motion for summary judgment due to any alleged misapplication of the law.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED BY, IN EFFECT, MAKING EVIDENCE OF MERE NON-USE DISPOSITIVE OF THE ABANDONMENT ISSUE."
 {¶ 21} Appellant asserts that the trial court inappropriately focused on the alleged non-use of the easement to find abandonment thereof, insisting that there was a complete lack of evidence regarding the necessary element of intent to abandon. Appellant's second assignment of error has been rendered moot by our disposition of her third assignment of error, discussed immediately hereafter, and therefore need not be addressed. See App.R. 12(A)(1)(c). On remand, the fact finder will have occasion to consider evidence on both of the elements of abandonment.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "THE TRIAL COURT ERRED TO MS. MILLS' PREJUDICE BY REPEATEDLY DRAWING INFERENCES IN FAVOR OF THE MOVING PARTY."
 {¶ 24} Appellant maintains that, contrary to Civ.R. 56, the trial court construed the evidence in a light most favorable to Harvest Land, the moving party. In support, appellant cites contradictory evidence that was either ignored or resolved in favor of Harvest Land in the trial court's decision.
 {¶ 25} According to information in the record, the easement in question was established by decree of the Butler County Common Pleas Court in 1909, case No. 21437. Because the original court order has apparently been lost, it is impossible to determine the circumstances under which the easement was initially created. We are therefore unaware of the precise language used in the grant, as well as the delineated purposes or potential restrictions, if any, attached to the easement. Subsequent recitations of the easement in a number of deeds in the record, as early as 1955, provided that the easement was created "for purposes of ingress and egress on foot or with any kind of a vehicle over the following described part of the first tract * * *, in favor of the owner or owners of the two pieces of real estate above described * * *, which shall forever remain open for such purposes * * *." Thus, at least in view of the foregoing evidence, the easement of record appears to be an express easement of unlimited duration.
 {¶ 26} Appellant is correct in asserting that mere nonuse of an express easement, without more, does not give rise to an inference of abandonment. Langhorst v. Riethmiller (1977),52 Ohio App.2d 137, 140-41. The issue of whether an easement has been abandoned is a question of fact. Crane Hollow, Inc. v.Marathon Ashland Pipe Line, LLC (2000), 138 Ohio App.3d 57, 71. Abandonment need only be demonstrated by a preponderance of the evidence. Duggan v. Village of Put-In-Bay (May 4, 2001), Ottawa App. No. OT-00-044, 2001 WL 477168 at *2.
 {¶ 27} As stated, in order to establish that an express easement has been abandoned, the servient estate holder must prove both nonuse and an affirmative intent to abandon the easement by the dominant estate holder. Snyder,110 Ohio App.3d at 457; Warner, Fayette App. No. CA93-02-002, at 4. The intent to abandon the easement must be proven by "unequivocal and decisive acts" by the dominant estate holder which are inconsistent with future use and enjoyment of the easement.Warner at 4, citing Schenck v. Cleveland, Cincinnati, Chicago St. Louis Ry. Co. (1919), 11 Ohio App. 164, 167.
 {¶ 28} Appellant purchased the property on October 17, 2003. Harvest Land initiated this quiet title action on December 30, 2003. Due to appellant's brief occupation of the property prior to this lawsuit, a determination of nonuse and intent to abandon the easement cannot be confined to appellant's tenure as owner. The actions of appellant's predecessors in interest must also be examined.
 {¶ 29} As noted, in considering a motion for summary judgment, a trial court must view the evidence most strongly in the nonmoving party's favor. Civ.R. 56(C). In the case sub judice, a careful review of the record divulges genuine issues of material fact that were apparently resolved in Harvest Land's favor. This determination does not involve a weighing of the evidence or a decision on the merits of the evidence. See FirstNat. Bank of Toledo v. Martenies (Sept. 29, 1989), Lucas App. No. L-89-251, 1989 WL 111762 at *3. That is a task for the finder of fact. See Id. Rather, our decision merely holds that the evidence, when viewed in a light most favorable to appellant as the nonmovant, exposes triable issues of fact.
 {¶ 30} A comparison of the evidence offered by both parties reveals a dispute pertaining to the maintenance of the easement. This is an important issue. If the easement was in fact so overgrown that it became obstructed, this could indicate an intent to abandon the easement by appellant's predecessors in interest. If the easement was kept relatively clear, this could negate an intent to abandon the easement.
 {¶ 31} In her affidavit, appellant stated that she removed trees that were, to the best of her knowledge and belief, growingadjacent to the easement. Appellant also points to the testimony of Dan Harrison, a former resident of the property. In his deposition, Harrison admitted to making use of the easement to access the back of the property on at least two occasions. Contrarily, Harvest Land employee Douglas Vizedom testified in his deposition that he observed thick vegetation growing in the easement. Vizedom, a 35-year employee who had the opportunity to view the easement and alley during his biweekly trips to the Harvest Land facility, claimed that this growth was so dense that he never perceived the crumbling garage ruins at the rear of appellant's property. Vizedom testified that he did not know the garage existed until the underbrush was recently cleared by appellant, and had never witnessed the easement or public alleyway being used.
 {¶ 32} The trial court, while stating that it was construing the evidence in favor of appellant, concluded that "[t]he nonuse of the easement is evident from the overgrown brush[,] trees, dirt, and grass that lay across the easement." In view of the conflicting evidence on the state of the easement and the exact location of the plant and tree growth, this conclusion clearly entails a construction of the evidence in Harvest Land's favor. This error resulted in an improper inference regarding abandonment of the easement that benefited Harvest Land. We hold that there is a genuine issue of fact surrounding whether the vegetative growth in or around the easement obstructed the use thereof, potentially providing evidence of nonuse and an intent to abandon the easement.
 {¶ 33} Appellant also attacks the trial court's emphasis on the dilapidated garage, insisting that continuance of the easement was not conditioned upon a particular use thereof. While this is a correct statement, see Langhorst,52 Ohio App.2d at 141, the deteriorated condition of the garage could evidence an intent to abandon the easement on the part of the previous owners. However, there is a dispute as to whether the actions of prior owners contradict this inference.
 {¶ 34} In referencing the poor condition of the garage to support its conclusion that the easement was abandoned, the trial court cited deposition testimony provided by Dan Harrison. Harrison stated that the roof had collapsed by the time he and his wife occupied the premises from 1969 to 1973. The court found that there was no evidence that any of the owners subsequent to Harrison attempted to improve the garage or the easement. The court also noted that none of appellant's predecessors in interest objected to the grassing over of the alleyway, or demanded that it be restored to pavement for vehicular access to the easement.
 {¶ 35} Appellant countered by noting that the owners who sold her the property, Thomas and Dorothy Hilsmier, assured her that the easement was still usable for access to the garage. In her affidavit, appellant stated that Thomas Hilsmier informed her that he had appeared before the Hamilton City Counsel to relay his intention to rebuild the garage and utilize it for off-street parking by way of the alley and easement. Appellant insists that this manifests an intent to retain the easement by her immediate predecessors in interest.
 {¶ 36} Pursuant to this survey of the facts, it is unclear whether the failure to maintain the crumbling garage constituted an "unequivocal and decisive act" by appellant's predecessors which demonstrated an intent to abandon the easement. SeeWarner, Fayette App. No. CA93-02-002, at 4. We hold that this conflicting evidence presents a triable issue of fact regarding the intent to abandon the easement based upon the condition of the garage.
 {¶ 37} Appellant's third assignment of error is sustained.
 {¶ 38} Having determined that the trial court inappropriately awarded summary judgment to Harvest Land, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion and in accordance with the law.
Reversed and remanded.
Walsh and Young, JJ., concur.
[1] The city of Hamilton has already resolved to vacate the alley pending the outcome of this case.