[Cite as *Baber v. Mikolayczyk*, 2025-Ohio-2910.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Matthew and Tara
Baber

    Appellees

v.

Paul Mikolayczyk

    Appellant

Court of Appeals No.  S-24-022

Trial Court No.  23 CV 0900

**DECISION AND JUDGMENT**

Decided:  August 15, 2025

* * * * *

Joseph D. Jakubowski, for appellees.

Thomas A. Yoder, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This case involves a property dispute regarding the existence and location of an easement.  The defendant-appellant, Paul Mikolayczyk, appeals an October 1, 2024 judgment by the Sandusky County Court of Common Pleas which found that the plaintiff-appellees, Matthew and Tara Baber, own a valid and enforceable express easement over Mikolayczyk's property and that there are no genuine issues of material fact as to its location.  The trial court awarded the Babers $25,000 in compensatory

damages for Mikolayczyk's interference with the easement and $10,000 in punitive damages. As set forth below, we affirm.

## I. Background

{¶ 2} In 2020, the Babers acquired title to a 40-acre parcel of land ("the Baber Parcel") in Washington Township, Sandusky County. The Babers use their property in a variety of ways, including for recreational purposes, harvesting wild-grown crops, and for collecting firewood. The Babers use the firewood for their personal use and participate in a "timber management program."

{¶ 3} The Baber Parcel is "land-locked," meaning that it "does not have frontage on any road." According to the Babers, the "only" way to access their parcel is by way of an easement that runs through Mikolayczyk's property, which "front[s]" County Road 87. The Babers claims that an express easement has existed in favor of the Baber Parcel over the Mikolayczyk Parcel for more than 70 years.

{¶ 4} Mikolayczyk owns two "distinct" pieces of real estate: a 13-acre tract of land and a "strip" of land "laying immediately south" of the 13-acre tract. The two tracts are referred to herein as "the Mikolayczyk parcel." Mikolayczyk purchased the property in 2001.

2.

**{¶ 5}** The record in this case includes a Geographic Information System ("GIS") map from the Sandusky County Auditor. As shown below, the map outlines the Baber Parcel, the Mikolayczyk Parcel, and their immediate neighbors[1]:



### A. The Creation of the Easement

**{¶ 6}** According to the record in this case, the Baber Parcel and the Mikolayczyk Parcel were commonly owned between 1926 and 1949 by Emmanual Beeker. In 1949, Beeker conveyed the Baber Parcel to James Scott through a warranty deed. The conveyance of the Baber Parcel included an express easement over the Mikolayczyk Parcel, which was recorded in the deed, as set forth below:

---

[1] Both parties filed the GIS map, and they appear to be same, with the exception that Mikolayczyk's map includes the property owners' name and number of acres. The record discloses no objection by the Babers to Mikolayczyk's additions, and we incorporate Mikolayczyk's map herein.

3.

Emmanual Beeker does hereby give, grant, bargain, sell and convey unto the said grantee, James F. Scott, his heirs and assigns, forever, *a right of way on and over the following described lands now owned by the said grantor*, to wit: - Situated in the township of Washington, Sandusky County, and State of Ohio and being a strip of land twenty-six (26) rods wide off the West side of the Northwest quarter of the Northeast quarter of Section Number Seventeen (17), in said township number five (5), Range Number Fourteen (14) East, containing thirteen (13) acres, more or less and also a strip of land one (1) rod in width and twenty-six (26) rods long East and West in the Northwest corner of the South half of Said Section Number Seventeen (17). Said last mentioned strip laying immediately South of said thirteen (13) acre tract, for the grantee, his heirs and assigns and his and their agents, servants, licensees and all other persons for the advantage of grantee, his heirs and assigns at all times *to pass and repass freely on foot or with vehicles to and from the highway* to the said land of the grantee, provided, however, should the said grantee, his heirs or assigns at any time sell said forty (40) acre tract of land to any adjacent or abutting land owner who has access to the highway, then this easement herein conveyed shall be null and void. *The right of way hereby conveyed is to be over the driveway as now established across the thirteen (13) acre parcel and the strip one (1) rod by twenty-six (26) rods. Said driveway being approximately in the middle of the thirteen (13) acre parcel*. (Emphasis added.)

{¶ 7} As a preliminary matter, we note that the original description of the Mikolayczyk Parcel used the term "rods" to describe its dimensions and location, i.e. a "strip of land twenty-six (26) rods wide . . . containing thirteen (13) acres more or less and also a strip of land one (1) rod in width and twenty-six rods long." A "rod" is a "lineal measure of 5½ yards or 16½ feet." *Blacks Law Dictionary*, Sixth Edition (1990). It is also, according to the trial court, a "historic unit of measurement. . . which is no longer used in modern legal descriptions." Instead, a "metes and bounds" description is now "generally required by current recording standards." *Id.* "Metes and bounds" is "[a] way of describing land by listing the compass directions and distances of the boundaries." *Blacks Law Dictionary,* Sixth Edition (1990). Here, the trial court determined that the

4.

2001 deed conveying the Mikolayczyk Parcel to Mikolayczyk incorporated the prior legal description (and use of "rods") and also included an "additional/new legal description . . . using . . .'metes and bounds.'" *Id.* The use of "rods" to describe the Mikolayczyk Parcel is not at issue in this case, and indeed, it is well-established that "[t]he failure to describe an easement by metes and bounds does not render the conveying instrument invalid." *Cameron v. Mark West Liberty Midstream & Resources, LLC,* 2024-Ohio-5279, ¶ 46, quoting *H & S Co., Ltd. v. Aurora,* 2004-Ohio3507, ¶ 17 (11th Dist.).

### B. The Babers file suit.

{¶ 8} The Babers allege in their complaint that they traversed over the easement "largely unobstructed" from the time that they bought the property in 2020 until 2023. However, in February of 2023, Mikolayczyk's attorney advised them that the easement "did not exist." Thereafter, Mikolayczyk began to block the "entrance to the path of the Easement," by placing logs and other debris there, followed by increasingly larger objects, like cement blocks, boat-trailers, a dump truck, and a "no trespassing" sign. Mikolayczyk also threatened to press criminal trespass charges if the Babers trespassed on his property.

{¶ 9} On October 11, 2023, the Babers filed a verified complaint, seeking a declaratory judgment that a valid and enforceable easement exists over Mikolayczyk's property (Count 1) and an action in trespass for interference with their use of the easement (Count 2). In his answer, Mikolayczyk argued that the easement had been abandoned.

5.

{¶ 10} Mikolayczyk moved for summary judgment.  In his supporting affidavit, Mikolayczyk averred that he purchased his parcel in 2001 but that he has "been involved" with the property since 1985, when his predecessor-in-interest owned it.  Mikolayczyk acknowledged the creation of an easement in 1949.  However, Mikolayczyk claimed that, since "at least" 1985, there has "never been 'an established driveway approximately down the middle' of [his] property."  (Mikolayczyk Aff. at ¶ 7 paraphrasing easement).  Mikolayczyk argued that the easement "has not existed for over 38 years" and "[t]here is no way to ascertain where the 'established driveway' described in the deed is located or where it existed back pre-1950."

{¶ 11} Mikolayczyk acknowledged that there *is currently* a 450-foot driveway that leads from County Road 87 onto this property and that it ends at "his building to the southwest."  But, he insisted that it is not the "established driveway" referenced in the easement because it covers only a portion of his parcel and beyond the driveway, "it [is] impossible to reach [the Baber Parcel] except through a narrow walking [trail] that [is] over 900 feet long."  (Emphasis added.)   He further claimed that the narrow walking trails are "overgrown with huge trees."  According to him, for as long as he has owned the property, "no one has [gone] over [his] property to gain access to the [Baber Parcel] because of the over grown trees and thick underbrush" and further he has not given "Mr. Baber or anyone else permission to come across [his] property."  According to Mikolayczyk, "the easement described in the Babers's deed is no longer valid" because it was "abandoned for decades."

{¶ 12} In response, the Babers filed a cross-motion for summary judgment and attached evidence that, they argued, established their express easement over the Mikolayczyk Parcel. The evidence includes an affidavit from Tammi Throop, a real estate title abstractor, from Sandusky, Ohio. Throop traced the chain of title to the Baber Parcel from 1949 to the present *and* to the Mikolayczyk Parcel from 1905 to the present. Attached to her affidavit are certified copies of all the deeds constituting the full chain of title, as to each parcel, following the creation of the easement in 1949. Each deed references the "right of way" on the Mikolayczyk Parcel. According to Throop, "a right of way Easement has continually existed on the Mikolayczyk Parcel since the execution and recording of the Easement Grant Deed on December 17, 1949." Throop also averred that "the chains of title lack any record of the easement being terminated or extinguished."

{¶ 13} Also included with the Babers' motion were uncertified court filings from a lawsuit captioned, *Kamm v. Mikolayczyk,* Sandusky Court of Common Pleas case No. 16CV999. The plaintiff in that case, Lauren Kamm, is the immediate predecessor-in-interest to the Baber Parcel, having conveyed the property to the Babers in 2020. Kamm sued Mikolayczyk in 2016, raising similar claims as the Babers, i.e. that Mikolyaczyk had interfered with his express easement. Among the attachments to the Babers's motion was the "Kamm-Mikolayczyk Partial Settlement Agreement" that was signed and notarized on August 11, 2017. Mikolayczyk did not object to the Babers's inclusion of the agreement, and he claims to have filed "at least six copies" of it in the trial court.

7.

{¶ 14} Paragraph 7(B) of the agreement provided for "establishing a new, permanent easement" that would "terminate the existing easement referenced in the current deeds" and relocate it. That provision contemplated a number of potential paths, but concluded with the following:

> If it is not possible to locate a driveable easement along the eastern and southern portion of the wooded area, contemplated in 7.A, or mutually agreed, *the permanent easement shall be located* along *the eastern boundary of the Mikolayczyk parcel in the grassy area back to the wooded area where it will turn west and run along the wooded area connecting to the already established winding path to the junction of the Mikolayczyk and Kamm parcels. The permanent easement shall be surveyed and shall be sixteen feet and six inches (16'6") wide except for those areas where the path curves where the easement will expand to no more than twenty-five feet (25') wide to accommodate turning vehicles.* (Emphasis added.) ¶ 7(B).

{¶ 15} The Babers asserted that because the Partial Settlement Agreement was never recorded, "the Easement remains as it is recorded in the chains of title to the properties." But, they also claimed that the easement was "relocated" in 2017, as reflected in the excerpt above. According to the Babers, they "used this same path," beginning in 2020, which continued without incident, until 2023 when Mikolayczyk "inexplicably blocked" their access.

{¶ 16} On March 4, 2024, the court held a hearing on the parties' motions and heard testimony from the Babers and Mikolayczyk. The record on appeal does not include a transcript from that hearing, nor a video recording that was played there that purportedly "show[ed] the current location of the easement."

8.

### C. The trial court's summary judgment decision.

{¶ 17} By judgment entry dated June 24, 2024, the trial court found that there were no genuine issues of material fact as to the easement or its location and that the Babers were entitled to judgment as a matter of law. It granted summary judgment in their favor as to their declaratory judgment action (Count 1), declaring a valid and enforceable easement over the Mikolayczy Parcel It further found that Mikolayczyk had "obstructed the Babers' use of the Easement starting in 2023" and had acted with actual malice, entitling them to compensatory and punitive damages as to their trespass claim (Count 2). Following a damages hearing on September 25, 2024, the trial court awarded the Babers $23,121.69 in compensatory damages and $10,000 in punitive damages.

{¶ 18} Appellant appealed. He raises three assignments of error for our review:

> Assignment of Error number 1. The trial court errored when it held that the "small walking path" was the easement described in the Appellees' 2020 deed. The easement described in the deed was a 1,250 foot easement along an "established driveway", then through a 16 foot wide clearing 413 feet south through the Appellant's 13 acre parcel through which a motor vehicle cold freely pass. Exhibit 3. Page 10 of the Appellant's Brief.

> Assignment of Error number 2. The trial court errored when it dismissed the Appellant's Motion for Summary Judgment on the grounds that it was "self-serving" when the non-moving party never contradicted the facts as set forth therein. Page 14 of the Appellant's Brief.

> Assignment of Error number 3. The trial court errored when it openly defied the doctrine of *stare decisis* and refused to dismiss the Appellee's complaint as a matter of law pursuant to the 12th District's decision in Harvest Land Co-op vs. Sandlin, 2006-Ohio-4207 and the Ohio Supreme Court case of State vs. Williams, 2024-Ohio-2676. Page 18 of the Appellant's Brief.

## II. Standard of Review

{¶ 19} Appellate review of a summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We employ the same standard as the trial court, without deference to it. *Id.*

{¶ 20} Summary judgment is appropriate only when (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67 (1978), Civ.R. 56(C).

{¶ 21} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Summary judgment "[s]hall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ.R. 56(C).

{¶ 22} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist.1999), citing *Anderson v.*

10.

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party may support its motion or opposition to the motion with evidence via the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact. *Id.* No other evidence or stipulation may be considered except as stated in Civ.R. 56(C). When reviewing a ruling on summary judgment, an appellate court restricts its consideration to the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion. *Guernsey Bank v. Milano Sports Enters., LLC*, 2008-Ohio-2420, ¶ 30 (10th Dist.).

{¶ 23} This case requires us to construe a deed to determine the scope of an easement. Construction of a deed is a question of law for the courts. *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. We therefore proceed with a de novo review of the instrument. *Esteph v. Grumm,* 2008-Ohio-1121, ¶ 8 (4th Dist.).

{¶ 24} The intent of the parties to a deed controls its interpretation. *Id.,* citing *Ball v. Foreman*, 37 Ohio St. 132 (1881); *Baker v. Jordan*, 3 Ohio St. 438, 444–445 (1854). When a deed is worded in clear and precise terms and its meaning is evident upon its face, there is no need to go beyond the four corners of the document. *Id., citing Hinman v. Barnes*, 146 Ohio St. 497, 508 (1946) ("if the intention of the parties is apparent from an examination of the deed 'from its four corners,' it will be given effect regardless of technical rules of construction").

11.

### III. A valid and enforceable express easement exists over the Mikolayczyk Parcel.

{¶ 25} We begin with Mikolayczyk's second assignment of error. The gist of his argument is that the trial court erred when it determined that the Babers own a valid and enforceable easement over the Mikolayczyk Parcel. Mikolayczyk argues that he proffered sufficient evidence to show that an issue of fact exists as to whether the easement was abandoned.

{¶ 26} An easement is an interest in the land of another, created by prescription or express or implied grant, that entitles the owner of the easement, the dominant estate, to a limited use of the land in which the interest exists, the servient estate. *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 231 (1968); *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, L.L.C.*, 138 Ohio App.3d 57 (4th Dist. 2000).

{¶ 27} When an easement exists by an express grant, the extent and limitations upon the dominant estate's use of the land depend upon the language in the grant. *Alban* at 232; *Crane Hollow* at 66. When the language granting an easement is clear and the delineation of the easement is unambiguous, we presume that the deed expresses the intent of the parties, and we need not go beyond that language in determining the scope of the easement. *Shikner v. Stewart*, 2010-Ohio-1478, ¶ 24 (6th Dist.), citing *Esteph* at ¶ 10, citing *Shifrin v. Forest City Ent., Inc.*, 64 Ohio St.3d 635, 638 (1992) ("Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement"); *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989) (holding that where the language granting an easement is clear, "'[i]ntentions not expressed in the writing are deemed to have no existence'").

12.

{¶ 28} In their motion, the Babers argued that no triable issue of fact exists as to the "creation" and "validity" of the easement. In support, they proferred certified copies of deeds, constituting the full chain of title, as to each parcel, beginning in 1949 when the easement was created. Each deed contains language regarding the "right of way" on the Mikolayczyk Parcel. Specifically, the deed by which the Babers acquired title to their parcel in 2020 provides, in part, that

> [S]aid grantor does hereby give, grant, bargain, sell and convey unto the said grantee, its successors, and assigns, forever, a right of way on and over the following described lands now or formerly owned by E. Beeker [the Mikolyaczyk Parcel]. . . at all times to pass and repass freely on foot or with vehicles to and from the highway to the said land of the grantee.

{¶ 29} Likewise, the deed by which Mikolayczyk acquired title to his parcel in 2001 provides, in part, that

> Said conveyance is subject to a right of way easement heretofore given this day by Emmanual Beeker to James F. Scott for driveway purposes over the [Mikolayczyk Parcel].

{¶ 30} The evidence establishes that a right of way easement has continually existed on the Mikolayczyk Parcel since the execution and recording of the easement grant deed on December 17, 1949. We find that the Babers met their initial Civ.R. 56 burden to show that a valid express easement exists over the Milolayczyk Parcel. *Accord Johnson-White v. Houston*, 2023-Ohio-4276, ¶ 31 (1st Dist.) (Dominant estate holder of express easement met her initial burden under Civ.R. 56 where she provided evidence to show that the easement had existed for more than 60 years, including "official records from the Hamilton County recorder's office showing that the easement existed and had been transferred with the subsequent title transfers.")

13.

{¶ 31} Upon the presentation of the Baber's evidence, the burden shifted to Mikolayczyk to respond "by affidavit or as otherwise provided" in Civ.R. 56, and to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). The "as otherwise provided" language refers to the forms of evidence listed under Civ.R. 56(C), i.e. "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact[.]"

{¶ 32} Mikolayczyk does not dispute any of the documents constituting the chain-of-title, nor the language of the express easement created therein. Indeed, Mikolayczyk agrees that the "description . . . on the deed that [he] received in 2001 purported to create an easement/right of way" and he agrees to the language. Instead, Mikolayczyk's claim is that the easement no longer exists.

{¶ 33} An easement's duration may be set by the terms of the instrument that created it. *Harvest Land Co-op, Inc. v. Sandlin*, 2008-Ohio-5417, ¶ 9 (12th Dist.). That is, it may be permanent or terminated by a party's acts, operation of law, a change in the use or character of the property, or an end to the necessity for which the easement was created. *Id.*

{¶ 34} In fact, we note that the instrument creating the easement in this case *does* provide for its termination. That is, in the event the Baber Parcel is sold "to any adjacent or abutting land owner who has access to the highway, [i.e. County Road 87], then this easement herein conveyed shall be null and void." There is no evidence in this case, nor any argument, that the Baber Parcel has been conveyed to an adjacent or abutting land owner since the creation of the easement.

14.

{¶ 35} Mikolayczyk's theory is that the easement "no longer exists" because it was "abandoned as a matter of law." In support, Mikolayczyk averred in his affidavit that "the easement . . . has not existed for over 38 years" because, in all that time, "no one has went over [his] property to gain access to the [Baber Parcel]." He specifically denies giving "Mr. Baber or anyone else permission to come across[ his parcel]."

{¶ 36} The mere "nonuse of an easement alone is not sufficient to establish abandonment; rather, a party must expressly intend to abandon the easement or act in a manner that unequivocally shows an intent to abandon." *Johnson-White,* 2023-Ohio-4276, ¶ 30 (1st Dist.), citing *Hemmelgarn v. Huelskamp & Sons, Inc.*, 2019-Ohio-5298, ¶ 49 (3d Dist.), citing *Wyatt v. Ohio Dept. of Transp.*, 87 Ohio App.3d 1, 5 (11th Dist.1993) ("At the outset we note that the mere non-use of an easement, for a period however long, will not amount to abandonment."); *Bosky Group, LLC v. Columbus Ohio River R.R. Co.*, 2017-Ohio-8292, ¶ 25 (5th Dist.) (The "intent to abandon must be present and shown by 'unequivocal and decisive acts' which are inconsistent with continued use and enjoyment."). Here, Mikolayczyk cites no evidence that the Babers, nor any of their predecessors in interest, engaged in any unequivocal and decisive acts indicating an intent to abandon the easement. Moreover, the record also contains evidence, by way of the Throop affidavit, that "the chains of title lack any record of the easement being terminated or extinguished." Thus, even assuming Mikolayczyk's claim to be true—that no one has traversed over the easement to gain access to the Baber Parcel since 1985, his claim of abandonment fails in the absence of any "unequivocal and decisive act" demonstrating an intent to abandon the express easement. *Accord, Johnson-White* at ¶ 34

15.

("Even if Johnson-White did not consistently use the easement, there was nothing to suggest that her actions were inconsistent with her intent to continue using the easement.").

{¶ 37} Of course, we do not know what evidence, if any, was offered at the hearing, including on the issue of abandonment. However, the duty to provide a transcript for appellate review falls upon the appellant. *Knapp v. Edwards Laby's,* 61 Ohio St.2d 197, 199 (1980). "This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Id.,* citing *State v. Skaggs,* 53 Ohio St.2d 162 (1978). This principle is recognized in App.R. 9(B), which provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)" *and* "[t]he appellant shall order the transcript in writing." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, "the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp; see, e.g. Malcuit v. Equity Oil & Gas Funds, Inc.,* 81 Ohio App.3d 236, 241 (9th Dist. 1992) (Rejecting claim by servient estate holder that it proved abandonment of the easement because no transcript of proceedings was filed with this court.).

{¶ 38} The record before us includes ample evidence to conclude that a valid and enforceable express easement was created. Accordingly, in the absence of any evidence showing a genuine issue of material fact as to the validity of the express easement over

16.

the Mikolayczyk Parcel, we agree with the trial court and find that the Babers met their burden to show that they "own a valid and enforceable express easement over the Mikolayczyk Parcel" and that "no reasonable juror could find otherwise." Accordingly, the trial court did not err in granting the Babers summary judgment on that issue (Count 1), and we find Mikolayczyk's second assignment of error not well-taken.

### IV. Mikolayczyk failed to show that a genuine issue of material fact exists as to the location of the easement.

{¶ 39} In this first assignment of error, Mikolayczyk challenges the trial court's determination as to the location of the easement. In its decision, the court found that,

> the permanent easement shall be located along the eastern boundary of the Mikolayczyk parcel in the grassy area back to the wooded area where it will turn west and run along the wooded area connecting to the already established winding path to the junction of the [Mikolayczyk Parcel] and [the Baber parcel]. The permanent easement shall be surveyed and shall be sixteen feet and six inches (16'6") wide except for those areas where the path curves where the easement will expand to no more than twenty-five feet (25') wide to accommodate turning vehicles.

{¶ 40} On appeal, Mikolayczyk raises two arguments. First, he claims that the trial court erred when it held that "the 'small walking path' was the easement described in the [Babers's] 2020 deed."

{¶ 41} As shown above, nowhere within trial court's description of the easement is there any reference to a "small walking path." Indeed, that term comes from *Mikolayczyk's* affidavit and brief, not from the trial court. Therefore, because the trial court did not find that the location of the easement included, or consisted of, a "small walking path," we reject Mikolayczyk's argument.

17.

{¶ 42} Next, Mikolayczyk argues that the location of the easement, as determined by the trial court, is improper because it is "completely different" from the "legal description" set forth in the instrument that created it.

{¶ 43} Again, the easement grant deed, provides that "[t]he right of way hereby conveyed is to be over the driveway now established across the [Mikolayczyk Parcel]. Said driveway being approximately in the middle the Thirteen (13) acre parcel." The trial court made a number of preliminary findings, in furtherance of its ultimate determination regarding the location of the easement. First, it found that the description--"driveway being approximately in the middle of the thirteen (13) acre parcel"—was "general and indefinite." We begin our discussion there.

{¶ 44} "[I]n Ohio, there is authority for the proposition that where the terms of a right of way are general and indefinite, its location and use by the grantee, acquiesced to by the grantor, will have the same legal effect as if it had been fully described by the terms of the grant." *Amsbary v. Little*, 1991 WL 37916, *4 (4th Dist. Mar. 11, 1991), citing McDermott, Ohio Real Property Law and Practice Sec. 10-14A, p. 435 and *Columbus S.E.R. Co. v. Williams*, 53 Ohio St. 268 (1895); *see also Spearman v. Am. Elec. Power, Co., Inc.,* 2015-Ohio-928 (3d Dist. 2015), citing *H&S Co., Ltd. v. Aurora,* 2004-Ohio-3507, ¶ 16 (11th Dist.) ("If the court cannot determine from the granting instrument the location of the easement as intended by the transacting parties, then it is proper for the court to consider extrinsic evidence to determine the extent and scope of the easement."); *see also Crane Hollow, Inc.,* 138 Ohio App. 3d at 67 (4th Dist. 2000) ("When the extent of the rights conveyed in an easement, such as the dimensions of the easement, are not

18.

apparent from the language of the grant, the dimensions may be established by use and acquiescence.").

{¶ 45} Having found the description of the easement "general and indefinite," the trial court was free to rely upon extrinsic evidence. And indeed, the court cited and relied upon "evidence of subsequent use of the easement by the dominate estate, acquiesced by the servient estate" in order to determine the "precise location of the easement." The court concluded that the "historic location" of the easement was "easily identifiable from the evidence in the record," specifically "various maps and aerial photographs taken between 1987 and 2022 [that] show a conspicuous and identifiable path that starts at County Road 87, runs along a driveway in the middle of the Mikolayczyk Parcel and then continues on a winding path through the wooded area of the Mikolayczyk Parcel to the Baber Parcel." The court also relied upon David Kamm's affidavit, that was filed by the Babers in support of their motion for summary judgment. David Kamm is the son of Lauren Kamm, and the two were co-trustees of the trust that owned the Baber Parcel, beginning in 2014. According to Kamm, "the path of the easement [at that time] started at County Road 87, and went along a driveway in the middle of the parcel to the wooded area of the Mikolayczyk parcel. The easement then turned west and ran along the wooded area to a winding path that connected to the Baber Parcel." Kamm also averred that he and his father "used [this] path of the easement to access" their property. Upon review, we find no error in the trial court's finding that the legal description of the easement is "general and indefinite" nor in the court's reliance upon extrinsic evidence to determine the "historic location of the Easement."

19.

{¶ 46} Next, the court determined that the "historic location of the easement" has been "slightly modified," in favor of a different location. Whereas the historic location of the easement ran "over the driveway . . . *in the middle* of the [Mikolayczyk Parcel]," the current location, as determined by the court, runs "along the *eastern boundary* of the Mikolayczyk Parcel." (Emphasis added.). The court's description of the easement matches the language used in ¶ 7(B) of the 2017 Partial Settlement Agreement.

{¶ 47} The rule governing the change of location of an easement is set forth in *Hollosy v. Gershkowitz,* 88 Ohio App. 198 (9th Dist. 1950), in which the court said,

> [I]t is established that a definite location of a valid easement over land, determines and limits the right of the grantee, as well as the rights of the owner of the servient estate, and that those rights of the grantee cannot be changed *except by common consent*. (Emphasis added.).

{¶ 48} "A trial court abuses its discretion when it alters an easement, either at the request of the owner of the servient estate or the owner of the easement, *without the other's consent.*" (Emphasis added.) *Southers v. Rapp,* 1998 WL 100409, * 5 (4th Dist. Mar. 4, 1998), citing *Hollosy; See e.g., Bd. of Cnty. Comm'rs. of Paulding Cnty. v. Ohio Power Co.,* 1989 WL 43026, *3 (3d Dist. Apr. 28, 1989) ("The two easements were exercised in a fixed and definite course since 1936. Therefore, [the grantee] cannot change the location of the easements or deviate therefrom *without the consent of the grantors*." Emphasis added.); *Crane Hollow, Inc.,* 138 Ohio App.3d at 68 (4th Dist.2000) (If an easement's dimensions have been established by use and acquiescence, then the easement holder will be "estopped from asserting that different dimensions are reasonably necessary or convenient.").

20.

{¶ 49} In support of its conclusion that the historic location of the easement was "slightly modified," the trial court made the following findings:

The description set forth in the 2017 Partial Settlement Agreement "comports with the Easement's path that Mr. Kamm showed the Babers" prior to selling them the Baber Parcel.

It is the "same path" that the Babers have used to access the Baber Parcel since they purchased the property in 2020, *which [Mikolayczyk] acquiesced to,* until he obstructed use of the path in 2023."

The path is "clearly visible in aerial photos of the Mikolayczyk Parcel taken in 2019 and 2022."

"[T]he video recording shows Mr. Baber traveling on the same path."

"[T]his particular path serves the purpose of the Easement as recorded in the in the chain of title, which is to allow access to the landlocked Baber Parcel."  (June 24, 2024 J.E. at 18; emphasis added.)

{¶ 50} In his affidavit and on appeal, Mikolayczyk insists that "[t]here has never been an agreement" to modify the easement and that, for as long as he has owned the property, "no one has [gone] over [his] property to gain access to the [Baber Parcel] because of the over grown trees and thick underbrush."   He specifically denies having given "Mr. Baber or anyone else permission to come across [his] property."

{¶ 51} But again, because Mikolayczyk did not provide this court with a transcript from the October 24, 2024 hearing, when the court heard evidence on the validity and location of the easement, we are unable to consider his argument.  *Knapp; see, e.g., Carroll v. Bear*, 1994 WL 484647, *4 (2d Dist. Sept. 7, 1994) (Where the servient estate holders denied that they consented to a modification of the easement but failed to provide a transcript, the court was "unable to consider the assignment of error.").  Mikolayczyk's

21.

failure to file the transcript appears to have been intentional, given that he *did* file a portion of the September 25, 2024 hearing transcript, on the issue of damages. Either way, without an adequate record, we cannot review what evidence was admitted by the court, whether the court erred in admitting or rejecting any evidence, or whether evidence was presented that may have indicated that a genuine issue of material fact existed. *Id.* Instead, we presume that the judgment of the trial court was valid and supported by the evidence, including its findings that Mikolayczyk "acquiesced" to modifying the location of the easement. *Marsh v. A.P. O'Horo & Co.*, 1997 WL 158107, *3 (11th Dist. Mar. 14, 1997). Accordingly, we find Mikolayczyk's first assignment of error not well-taken.

{¶ 52} Lastly, in Mikolayczyk's third assignment of error, he argues that the trial court violated the principle of stare decisis by failing to apply the holding in *Harvest Land Co-op v. Sandlin,* 2006-Ohio-4207 (12th Dist.). Mikolayczyk complains, on the one hand, that the trial court "never reviewed" the case but, on the other hand, that the court "intentionally defied" that case's holding. Decisions from other state courts are not binding on this court or inferior courts within our jurisdiction. *McCauly Ct. Assn. v. Baker*, 2015-Ohio-969, ¶ 9-11 (12th Dist.) citing *Squire, Sanders & Dempsey, L.L.P.,* 2003–Ohio–4351, ¶ 9, fn. 1 (8th Dist.) ("[The] cases are from other jurisdictions and are therefore not binding on this court, whereas *Adair,* an Ohio Supreme Court decision, is controlling authority."). Mikolayczyk's third assignment of error is found not well-taken.

22.

## V. Conclusion

{¶ 53} As set forth above, we find Mikolayczyk's assignments of error not well-taken. Accordingly, we affirm the October 24, 2024 judgment of the Sandusky County Court of Common Pleas. Pursuant to App.R. 24, Mikolayczyk is ordered to pay the costs of this appeal. It is so ordered.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                              _____
                                                                        JUDGE
Christine E. Mayle, J.

Charles E. Sulek, P.J.                           _____
CONCUR.                                                          JUDGE

                                                                  _____
                                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.